

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# USA v. Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2511

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Wilson" (2007). *2007 Decisions*. Paper 1290.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1290

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-2511

UNITED STATES OF AMERICA

v.

GILBERT WILSON,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 05-CR-643
District Court Judge: The Honorable Jerome B. Simandle

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 12, 2007

Before: SMITH and COWEN, *Circuit Judges*,
and YOHN*, *District Judge**

(Filed April 16, 2007)

OPINION

SMITH, *Circuit Judge*.

Gilbert Wilson pleaded guilty to a one count indictment, which charged him with

---

*The Honorable William H. Yohn, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

1

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  The pre-sentence report enhanced Wilson's offense level by two points under United States Sentencing Guideline (U.S.S.G.) § 2K2.1(b)(4) because the firearm had been reported as stolen.  The total offense level of 23 and the criminal history category of V yielded a guideline range of 84 to 105 months.

At sentencing, Wilson argued that the enhancement for a stolen firearm should not be applied.  The District Court concluded that there was insufficient evidence to prove that the firearm was stolen and declined to apply the enhancement.  The District Court was not persuaded, however, by Wilson's argument that his criminal history category of V overstated the seriousness of his past criminal conduct, thereby warranting a downward departure.  *See* U.S.S.G. § 4A1.3(b).  The Court explained:

> [T]here is a continuous thread from 1988 through 1990 and continuing throughout the '90s all the way through the year 2005 of the defendant continuing to violate the law, to be disrespectful of the law, his possession and use of narcotic drugs without looking for any treatment and his uncontrolled, or poorly controlled . . . anger management.  That's what makes this crime of possession of a firearm by a convicted felon a significant and substantial charge . . . .  I find that Category V is as accurate a description as any of the prior history that brings us here today.

Based on these factors, the Court determined that Wilson's guideline range, calculated on an adjusted offense level of 21 and a criminal history category of V, was 70 to 87 months.

In an effort to obtain a sentence below the guideline range, Wilson asserted that his guideline range was too severe as it would impose a sentence that was greater than necessary to achieve the purposes set out in 18 U.S.C. § 3553(a)(2).  The District Court

2

disagreed.  The Court acknowledged that post-*Booker*[1] the guideline range was only one factor to consider under § 3553(a).  After noting the other factors warranting consideration and the circumstances of Wilson's offense, the Court commented that it "would like to think that by age 35 that Mr. Wilson has learned the lessons of all his prior criminal involvement within the system, but I just don't see it."  The Court rhetorically asked what sentence was "sufficient but no greater than necessary to achieve the purposes that are spelled out in Section 3553(a)," and declared that "[u]nder all of these circumstances, I've determine[d] that a sentence of 70 months is the appropriate sentence and that it's sufficient but no greater than necessary to achieve these goals."  By way of explanation, the Court cited the need to protect the community, the "wisdom" of the guidelines, and the need to deter Wilson from engaging in further criminal activity.

Wilson appealed.[2]  He does not challenge the computation of his sentencing guideline.  Rather, he contends that the District Court unreasonably applied the § 3553(a) sentencing factors.  According to Wilson, the District Court erred by mechanically relying on the wisdom of the guidelines and by failing to appreciate his argument that the circumstances of his offense, his personal history, and his characteristics were unlike most felons-in-possession.  As a result, Wilson asserts that the Court failed to recognize

---

[1]*See United States v. Booker*, 543 U.S. 220 (2005).

[2]The District Court had jurisdiction under 18 U.S.C. § 3231.  We exercise appellate jurisdiction pursuant to 18 U.S.C. § 3742(a).  *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

3

that his advisory guideline range of 70 to 87 months was excessive and that a sentence at the lower end of the guideline range was greater than necessary to achieve the purposes of sentencing.

"To determine if the court acted reasonably in imposing the resulting sentence, we must first be satisfied the court exercised its discretion by considering the relevant factors. . . . The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). After reviewing the record before us, we are satisfied that the District Court complied with *Cooper*'s directives. The transcript of the sentencing hearing confirms that the District Court not only addressed all of Wilson's legal and factual arguments, but that it also considered the relevant § 3553(a) factors. The Court's thoughtful consideration of these factors is reflected in its explanation for denying the request for a § 4A1.3(b) downward departure on the basis that Wilson's criminal history category overstated the seriousness of his past criminal history.

We are mindful of Wilson's contention that the District Court failed to appreciate his argument that the policy judgments of § 2K2.1 were inapposite in this case and yielded an excessively high guideline range. We find, however, that the Court fully considered this argument, and that it was well aware that it could impose a sentence that varied from the advisory guideline range based on Wilson's individual characteristics. That the District Court ultimately rejected such an option given Wilson's persistent problems with anger management, his ongoing involvement with marijuana, and his

4

continuing violations of law, does not render the sentence imposed unreasonable.

Accordingly, we conclude that Wilson has failed to meet his burden of proving the unreasonableness of his sentence. We will affirm the judgment of the District Court.